UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILBER MAGBEIR,

     *Petitioner*,

v.                                                                        Case No. 3:26-cv-1593-JEP-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

     *Respondents*.

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See* Doc. 1 at 7). Petitioner, a citizen of Mexico, alleges that he entered the United States on April 30, 2022, and was granted parole until September 9, 2022. (Doc. 5-1 at 1, 3). Petitioner was arrested on a domestic violence charge on March 6, 2026, and he was  transferred into ICE custody on April 16, 2026. (*See* Doc. 1 at 6). The Federal Respondents understand the petition to assert a claim under § 1226(a) of the Immigration and Nationality Act ("INA"). (*See generally* Doc. 5).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[1] While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been initially paroled into the country, the reasoning of the opinion is equally

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286. (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted). The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 5 at 3).

The Federal Respondents argue that Petitioner failed to exhaust his administrative remedies because he has not requested a bond hearing before an immigration judge. (*See id.* at 3–4). Notably, however, the Federal Respondents classify Petitioner as an "arriving alien" and certify that he is being mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 1). Immigration judges do not have jurisdiction to revisit ICE's initial custody determinations for "[a]rriving aliens," "including aliens paroled after arrival." 8 C.F.R. § 1003.19(h)(2)(i)(B). Thus, even if Petitioner sought a bond hearing, an immigration judge likely would deny the request for lack of jurisdiction based on the Federal Respondents' classification of Petitioner. Therefore, based on the facts of this case, the Court rejects the Federal Respondents' exhaustion argument. *See generally McCarthy v. Madigan*, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the

administrative body is shown to be biased or has otherwise predetermined the issue before it").

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[2] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 4) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

---

[2] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

**DONE AND ORDERED** in Jacksonville, Florida, on July 29, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Wilber Magbeir
Counsel of Record